UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. PERRY,<br><br>    Petitioner,<br><br>        v.<br><br>FRED FOULK, Warden,<br><br>    Respondent. | Case No. 15-cv-03554-VC  (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Eric L. Perry filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court for first degree murder and two counts of attempted second degree robbery. Respondent has filed an answer; Perry has not filed a traverse. For the following reasons, the petition is denied.

**DISCUSSION**

Perry was convicted of first degree murder for shooting Ronald Spears. Spears had gotten lost in Oakland, pulled into a gas station where he saw Perry and asked him for directions. Perry indicated a direction and asked for a ride because he was going the same way, and Spears agreed. After Perry climbed into the rear passenger seat, he took out a gun, pointed it at Spears and robbed him of cash and a long chain around Spears' neck. Perry shot Spears as he was trying to run away. *See People v. Perry*, No. A136732, 2014 WL 1373461, *1 (Cal. App. 2014) (unpublished).

Perry argues that his due process rights were violated by the trial court's refusal to admit evidence that a third party committed the charged crimes. The California Court of Appeal's rejection of this argument was not contrary to or an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams v. Taylor* 529 U.S. 362, 412 (2000).

State and federal rule makers have broad discretion in excluding evidence from trials, limited by a defendant's constitutional rights to due process and to present a defense. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). "Well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* at 326. Only rarely has the Supreme Court held "that the right to present a complete defense was violated by the exclusion of defense evidence under a state rule of evidence." *Nevada v. Jackson*, __ U.S. __, 133 S.Ct. 1990, 1992 (2013). The Ninth Circuit many times has held that state courts acted reasonably in excluding unreliable or insubstantial evidence of third-party culpability. *See Phillips v. Herndon*, 730 F.3d 773, 776-78 (9th Cir. 2013); *Christian v. Frank*, 595 F.3d 1076, 1085-86 (9th Cir. 2010); and *Spivey v. Rocha*, 194 F.3d 971, 978 (9th Cir. 1999). Under California law, a defendant may present evidence of third-party culpability only if it links the third person to the actual commission of the crime. *Id.* (citing *People v. Hall*, 41 Cal. 3d 826, 833 (1986)).

At trial, the court denied Perry's attempt to introduce evidence that Kevin Duarte had committed the charged crimes. Two weeks after Spears was shot, Duarte shot and killed Tony Simon as he sat in his car at a gas station located approximately one mile from where Spears was shot. Duarte confessed to the shooting. As noted by the Court of Appeal, the shootings shared certain characteristics—both took place in the early morning hours at nearby gas stations; both involved handguns; both victims were in their car when they were approached by the shooter and were shot as they tried to escape. However, as reasonably determined by the Court of Appeal, the differences between the shootings—that Spears did not know his shooter, who he approached to ask for directions, whereas Duarte and his victim knew each other and had at least two disputes, one of which took place only an hour before the shooting—were more significant. The state appellate and trial courts reasonably determined that the evidence of Duarte's crime did not link Duarte to the Spears shooting.

Furthermore, as the Court of Appeal reasonably found, Perry has not shown prejudice. There was strong evidence of Perry's guilt. Perry had bought a pack of Newport cigarettes and a cigar from the gas station cashier five minutes before Spears was shot and Perry's fingerprints

were found on a pack of Newport cigarettes and a cigar in Spears' car, on the floor where the shooter sat. In addition, one of the other passengers in Spears' car identified Perry as the shooter. Finally, Spears' distinctive necklace, which the shooter had demanded from Spears, was found in Perry's possession. In light of this evidence incriminating Perry, even if the trial court erred in rejecting the third-party culpability evidence, the error did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter a separate judgment in favor of respondent and close the file.

IT IS SO ORDERED.

Dated: April 21, 2016

VINCE CHHABRIA
United States District Judge